LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## *AMENDED AND CORRECTED*
## CIVIL MINUTES – GENERAL

| Case No. | CV 15-07698-BRO (PJW) | Date | December 1, 2016 |
|---|---|---|---|
| Title | GILBERT SALINAS V. EDWARDS THEATRES, INC. ET AL. | | |

Present: The Honorable **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:             Attorneys Present for Defendants:

Not Present                                  Not Present

**Proceedings:**        (IN CHAMBERS)

## ORDER RE DEFENDANT'S MOTION FOR ATTORNEYS' FEES [51]

## I.    INTRODUCTION

Currently pending before the Court is Defendant Edwards Theatres, Inc.'s ("Defendant") Motion for Attorneys' Fees pursuant to 42 U.S.C. § 12205.  (Dkt. No. 51 (hereinafter, "Motion" or "Mot.").)  Defendant filed the Motion after the Court entered a judgment in favor of Defendant against Plaintiff Gilbert Salinas ("Plaintiff") on September 14, 2016.  (Dkt. No. 40.)  After consideration of the papers filed in support of and in opposition to the instant Motions, the Court deems this matter appropriate for decision without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Defendant's Motion for Attorneys' Fees.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    Factual Background

In his Complaint, Plaintiff alleges two claims: (1) Discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101; and, (2) Violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Proc. Code §§ 51–53.  (*See* Dkt. No. 1.)  Plaintiff is a paraplegic who is substantially limited in his ability to walk and uses a wheelchair for mobility.  (Compl. ¶ 1.)  As a result of the injuries related to Plaintiff's paraplegia, Plaintiff also suffers from several other ongoing conditions

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
*AMENDED AND CORRECTED*
CIVIL MINUTES – GENERAL

| Case No. | CV 15-07698-BRO (PJW) | Date | December 1, 2016 |
|---|---|---|---|
| Title | GILBERT SALINAS V. EDWARDS THEATRES, INC. ET AL. | | |

including rotator cuff syndrome, chronic lower back pain, neurogenic bladder, and lumbar spondyloses.  (Dkt. No. 26-2 at 2.)  Defendant owns and operates the Edwards Long Beach Stadium 26 movie theatre located at 7501 E. Carson Blvd., Lakewood, California.  (*Id.*)  The theatre is a business establishment and place of public accommodation.  (*Id.*)

On May 3, 2015, Plaintiff went to Defendant's theatre seeking to watch a movie with his wife.  (Compl. ¶ 8.)  Plaintiff, intending to purchase concessions in the main concession area, requested to be helped at the lowered transaction counter in that area.  (Compl. ¶¶ 11, 15.)  Plaintiff made this request to Naomi Ferguson and Grace Guinto, the cashier and manager, respectively, working at the main concession area at the time.  (Compl. ¶¶ 15–16.)  Ultimately, Plaintiff completed the transaction at the higher transaction counter.  (Compl. ¶ 18.)  The method of payment is unclear.  Plaintiff has alleged both that (1) he personally paid using his credit card without entering a PIN, (Resps. to Interrogs. at 4); and, (2) he was forced to ask his wife to pay using his debit card, (Pl.'s SUF ¶ 17; Dkt. No. 24-8).

Plaintiff alleges that in May 2015 Defendant's policy was to serve disabled customers at the lowered transaction counter only when the theatre was busy.  (Declaration of Gilbert Salinas ¶ 9.)  Defendant avers that its policy is, and in May 2015 was, to assist disabled patrons as needed at the lowered accessible counter.  (Pl.'s SGI at 2; Declaration of Shaun Mullen ¶¶ 3–4.)  Further, Defendant states that when the register at the lowered accessible counter is not staffed, its theatre staff are directed always to assist disabled patrons, as needed, at the lowered accessible counter.  (Pl.'s SGI at 2.)  Defendant claims that it trains employees to follow the procedure described above.  (*Id.*)  The parties agree that Plaintiff testified in his deposition that, at the time of his visit to the theatre, he did not tell Defendant to "change [its] policy."  (*Id.* at 3; Transcript of the June 29, 2016 Deposition of Plaintiff Gilbert Salinas ("Salinas' Depo").)

B.     **Procedural Background**

On October 1, 2015, Plaintiff filed his Complaint in the United States District Court for the Central District of California.  (Dkt. No. 1.)  On October 27, 2015, Defendant answered.  (Dkt. No. 9.)  On July 1, 2016, Defendant filed its Motion for Summary Judgment, or in the alternative, Summary Adjudication, seeking to dismiss

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
***AMENDED AND CORRECTED***
**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-07698-BRO (PJW) | | Date | December 1, 2016 |
|----------|------------------------|--|------|------------------|
| Title | **GILBERT SALINAS V. EDWARDS THEATRES, INC. ET AL.** | | | |

Plaintiff's Complaint in its entirety.  (*See* Dkt. No. 23.)  Also on July 1, 2016, Plaintiff filed his Motion for Summary Judgment as to his claims.  (*See* Dkt. No. 24.)  The Court granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment on August 24, 2016.  (Dkt. No. 34.)  On September 14, 2016, the Court entered a judgment in favor of Defendant.  (Dkt. No. 40.)  Then, on September 19, 2016, Plaintiff filed a Motion for Reconsideration of Order Granting Summary Judgment in Favor of Defendant, (Dkt. No. 41 ("Reconsideration Mot.")), which Defendant opposed on September 26, 2016, (Dkt. No. 45).  Plaintiff filed a notice of appeal to the Ninth Circuit on September 22, 2016.  (Dkt. No. 43.)  On October 4, 2016, Plaintiff withdrew his Motion for Reconsideration.  (Dkt. No. 47.)

On October 28, 2016, Defendant filed the instant Motion for Attorneys' Fees, noticing a hearing date of December 5, 2016.  (Dkt. No. 51.)  Plaintiff opposed the Motion on November 14, 2016.  (Dkt. No. 55.)  Finally, Defendant replied in support of its Motion on November 21, 2016.  (Dkt. No. 56.)

## III.    LEGAL STANDARD

The "American Rule" generally provides that each party to a lawsuit is responsible for its own attorneys' fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  The prevailing party in a lawsuit does not collect fees absent contractual or statutory authorization.  *See Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983).  "The customary method of determining [attorneys'] fees . . . is known as the lodestar method.  'The lodestar determination has emerged as the predominate element of the analysis' in determining a reasonable attorney's fee award."  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (quoting *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987)).

The ADA permits a "prevailing party" its fees.  42 U.S.C. § 12205.  Although prevailing plaintiffs regularly recover their fees, the Ninth Circuit has explained that "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant."  *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418–19 (1978)).  Accordingly, "fees should be granted to a defendant in a civil rights action only upon a finding that the plaintiff's action was

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## *AMENDED AND CORRECTED*
## CIVIL MINUTES – GENERAL

| Case No. | CV 15-07698-BRO (PJW) | Date | December 1, 2016 |
|---|---|---|---|
| Title | GILBERT SALINAS V. EDWARDS THEATRES, INC. ET AL. | | |

frivolous, unreasonable, or without foundation." *Bed Bath & Beyond*, 780 F.3d at 1266 (quoting *Summers v. A. Teichert & Son,* 127 F.3d 1150, 1154 (9th Cir. 1997) (internal quotation marks omitted)).

"A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" *Gibson v. Office of Atty. Gen., State of Ca.*, 561 F.3d 920, 929 (9th Cir. 2009) (quoting *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003)); *see also Wilson v. Tony M. Sanchez & Co.*, No. CIVS070822JAMGGH, 2009 WL 1079984, at *1 (E.D. Cal. Apr. 21, 2009) (citing *Peters v. Winco*, 320 F. Supp. 2d at 1037) ("An action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith."). Even where plaintiff is unaware at the commencement of the suit that the claim is frivolous, he may be liable for attorney's fees if he continues to litigate after it becomes clear that the action lacks factual substance. *Id.* (citations omitted).

The Ninth Circuit has held that preemption principles preclude the imposition of fees on a plaintiff for bringing nonfrivolous claims under state law that parallel claims also filed pursuant to the federal law. *Hubbard v. SoBreck, LLC*, 531 F.3d 983 (9th Cir. 2008). The Ninth Circuit reasoned that "to the extent that California's Section 55 mandates the imposition of fees on a losing plaintiff who brought a nonfrivolous ADA action and a parallel action under Section 55, an award of attorney's fees under Section 55 would be inconsistent with the ADA, which would bar imposition of fees on the plaintiff." *Id.* at 985.

## VI. DISCUSSION

As a preliminary matter, a prevailing party is defined as a party in whose favor a judgment is rendered and some form of relief is granted. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Servs.*, 532 U.S. 598, 603 (2001). On September 14, 2016, this Court entered judgment "in favor of Defendant Edwards Theatres, Inc. . . . and against Plaintiff Gilbert Salinas . . . , pursuant to the Court's order dated August 24, 2016." (Dkt. No. 40 at 2.) Defendant is thus the prevailing party. Defendant now seeks an award of attorneys' fees and costs in the amount of $90,925.55 against Plaintiff, or alternatively, $14,143.00 in attorneys' fees and costs incurred "for the time period after September 19, 2016, when Salinas knew his claim could not be

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**\*AMENDED AND CORRECTED\***
**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-07698-BRO (PJW) | Date | December 1, 2016 |
|---|---|---|---|
| Title | GILBERT SALINAS V. EDWARDS THEATRES, INC. ET AL. | | |

supported by law or fact, but nonetheless filed a Motion for Reconsideration, which was later abruptly withdrawn." (*See* Notice of Mot. at 1.)  As explained below, the Court finds that Ninth Circuit precedent weighs against an award of attorneys' fees to Defendant.

A.     **Propriety of Awarding Attorneys' Fees**

1.     **A Full Award Of Attorneys' Fees Is Inappropriate Under Ninth Circuit Precedent**

Defendant claims that Plaintiff "continued to pursue this lawsuit despite the fact that he 'bears the burden of proving that a modification was requested and that the requested modification was reasonable.'" (Mot. at 4.)  Defendant adds that "Salinas's attorneys, who specialize in bringing disability access cases, knew or should have known [Salinas's deposition testimony that he did not tell Defendant to change its policy] was fatal to [Salinas's] claim, but they continued to waste the Court's time and Edwards's time litigating this baseless claim anyway." (*Id.*)  Defendant further argues that "Salinas's claim would not have been successful even if he had requested a reasonable modification because it was only an isolated incident." (*Id.*)  Additionally, Defendant avers that "[t]he frivolity of Salinas's lawsuit is further confirmed by his [two conflicting stories regarding payment method in the incident at hand]." (*Id.* at 5.)  Such conflicting stories, Defendant claims, "demonstrate [Plaintiff's] utter lack of credibility." (*Id.*)

Plaintiff responds that because he has a "good faith and non-frivolous basis for claiming that this case qualifies as a barrier case" his case was not unreasonable or frivolous "without a formal request for modification of policies." (Opp'n at 5.)  Moreover, Plaintiff contends that "even if this case arose solely under the reasonable-modification prong of the ADA, Salinas has a non-frivolous basis for believing he met that prong." (*Id.* at 6.)  Finally, Plaintiff claims that because "he was told by three different employees that it was the theater's practice of not opening the wheelchair accessible counter unless the theater was busy," the evidence therefore "pointed to an embedded policy/practice rather than a single unfortunate incident." (*Id.* at 8.)  Thus, Plaintiff maintains, he had "a non-frivolous basis for filing the case and seeking the [injunctive] relief." (*Id.*)

LINK:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## *AMENDED AND CORRECTED*
## CIVIL MINUTES – GENERAL

| Case No. | CV 15-07698-BRO (PJW) | Date | December 1, 2016 |
|---|---|---|---|
| Title | GILBERT SALINAS V. EDWARDS THEATRES, INC. ET AL. | | |

While the Court found that, on the evidence presented to the Court in the motions for summary judgment, no reasonable jury would conclude that Plaintiff had met his burden of establishing a genuine dispute of fact regarding his request for a modification, this ruling does not equate to (or necessitate) a finding of frivolity, unreasonableness, or lack of foundation for purposes of awarding attorneys' fees. *See Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1266–67 (9th Cir. 2015) (explaining that district courts should not award fees simply because a plaintiff did not ultimately prevail, even in cases which are resolved at summary judgment because no reasonable jury could return a verdict in the plaintiff's favor); *see also Kohler v. Presidio Int'l, Inc.*, No. CV-10-4680-PSG-PJWX, 2013 WL 12138666, at *3 (C.D. Cal. June 17, 2013), aff'd, 782 F.3d 1064 (9th Cir. 2015) ("[T]here was a legal basis by which Plaintiff could argue that the counter was not of the appropriate height; he simply failed to ultimately produce the appropriate evidence in support of his argument."). Plaintiff potentially could have offered additional evidence to show a genuine dispute regarding whether he satisfied the request-for-modification element of the prima facie claim for a violation of the ADA. And Plaintiff's ADA claim did not lack a basis in law or fact sufficient to support a finding of frivolity here; Plaintiff adequately demonstrated his standing and a triable issue with regard to whether Defendant employed a discriminatory policy or practice. (*See* Dkt. No. 34 at 12–13.) As such, Plaintiff's ADA claim was not frivolous, unreasonable, or without foundation. An award of $90,925.55 in attorneys' fees to Defendant for Plaintiff's prosecution of his ADA claim is inappropriate.

## 2. Defendant's Attorneys' Fees Incurred In Connection With Plaintiff's Motion For Reconsideration Cannot Be Awarded To Defendant

This Court ruled on the cross-motions for summary judgment on August 24, 2016. (Dkt. No. 34.) Thereafter, on September 19, 2016, Plaintiff filed his Motion for Reconsideration. (*See* Reconsideration Mot.) Plaintiff's counsel's basis for that motion was "new evidence of Plaintiff's subsequent visit to the theater on July 22, 2016, in which he was again denied service at the lowered concession counters." (Reconsideration Mot. at 1.) Plaintiff's counsel attest that they became aware of the new evidence on August 14, 2016. (Reconsideration Mot. at 2.) Arguably, as discussed below, Plaintiff's counsel's self-reported time-line for discovery of "new" evidence shows that the Motion for Reconsideration was not frivolous under this District's Local

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
***AMENDED AND CORRECTED***
**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-07698-BRO (PJW) | Date | December 1, 2016 |
|----------|-----------------------|------|------------------|
| Title | **GILBERT SALINAS V. EDWARDS THEATRES, INC. ET AL.** | | |

Rules because the "new" evidence at issue was known to Plaintiff shortly before the Court ruled on the pending motions for summary judgment.

Ninth Circuit precedent holds that "fees should be granted to a defendant in a civil rights action only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation," *Bed Bath & Beyond*, 780 F.3d at 1266 (internal quotation marks omitted), and "[a] case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit,'" *Gibson*, 561 F.3d at 929.

Under Local Rule 7-18, a party may move the court for reconsideration of a decision on any motion on the grounds of:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

(b) the emergence of new material facts or a change of law occurring after the time of such decision.

C.D. Cal. L.R. 7-18. Here the "new evidence" emerged shortly before the Court ruled on the motion, when Plaintiff again patronized Defendant's theatre, or at the latest, on August 14, 2016, when "Mr. Salinas informed Plaintiff's counsel of the recent incident . . . ." (Reconsideration Mot. at 2.) Therefore the Court cannot say that the Motion for Reconsideration was frivolous, warranting the imposition of attorneys' fees.

## VII.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Attorneys' Fees is **DENIED**. The hearing set for Monday, December 5, 2016 is **VACATED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | Rf |